**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL GARCIA,

      Petitioner,

vs.                                     No. CIV 18-0269 JB\SMV

MARK BOWEN, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed March 22, 2018 (Doc. 1)("Petition"). Petitioner Michael Garcia is incarcerated and proceeding pro se. Having reviewed the matter sua sponte under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010 ("Habeas Corpus Rules"),[1] the Court will dismiss the Petition, but grant leave to amend.

**FACTUAL AND PROCEDURAL BACKGROUND**

Garcia is incarcerated at the Northeast New Mexico Detention Facility. He alleges that Respondent Mark Bowen, Warden of the facility, violated his due process rights in connection with a prison disciplinary proceeding. See Petition ¶ 1, at 1. The Petition raises one ground for relief, which states:

---

[1]The Court, in its discretion, applies the Habeas Corpus Rules to the § 2241 petition. See Habeas Corpus Rule 1(b)("The district court may apply any or all of these rules to [other] habeas corpus petitions."); McFarland v. Scott, 512 U.S. 849, 856 (1994)(citing Habeas Corpus Rule 4, and noting that courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citing Habeas Corpus Rule 1(b), and holding the district court acted within its discretion by applying section 2254 Rules to a section 2241 petition).

This is a simple case of violation of prisoners rights under the due process clause of the U.S. and N.M. Const[itutions] and Bill of Rights and also of N.M.C.D. policies of proper handling of evidence and time frames not being held too[.] [T]hey want this to use against me but by a matter of law this should have been dismissed as I have evidence of one that was dismissed by the state but GEO Corp. does not abide by established N.M.D.C. policy and constitutional amendments. They believe they are above the law.

Petition ¶ 6, at 3. The "Supporting Facts" section elaborates that prison officials did "not allow[] [Garcia] due process," and notes that the prosecuting authority "would [have] dismissed the [write-]ups" based on Garcia's evidence and exhibits. Petition ¶ 6(a), at 4.

The documents attached to the Petition reflect that the disciplinary proceeding stems from a coded letter that Garcia wrote. See Disciplinary Officer's Findings and Recommendations at 12 (dated January 16, 2018), filed March 22, 2018 (Doc. 1). Garcia purportedly wrote: "Mom, let's get straight to business . . . send me a package like I used to make for Lup Jefika [which] has the strips . . . . I need Adette to bring some sheets four company letterhead three business cards dords[sic] with shards dissolved in water . . . ." Disciplinary Officer's Findings and Recommendations ¶ 1, at 12. Prison officials intercepted the letter, and determined that "strips" refers to suboxone and that "shards" refers to methamphetamine. Disciplinary Officer's Findings and Recommendations ¶ 1, at 12. They concluded that Garcia was requesting drugs from an outside third-party. See Disciplinary Officer's Findings and Recommendations ¶ 1, at 12. Prison officials issued a Misconduct Report, which listed the charge as: "A(31) Attempt or Complicity to wit A(19) Dealing in Dangerous Drugs (selling, trading, giving away, introducing, attempting to introduce, or conspiring to introduce any quantity of any item defined as dangerous)." Inmate Misconduct Report at 14 (dated January 22, 2018), filed March 22, 2018 (Doc. 1)("First Inmate Misconduct Report"). In the investigative report, it appears Garcia wrote:

"Don't know nothing about this." See Disciplinary Officer's Investigation at 19 (dated January 24, 2018), filed March 22, 2018 (Doc. 1). The Hearing Officer found Garcia guilty of a category A(19) offense, but he dismissed the A(31) offense. See Disciplinary Decision at 21 (dated February 5, 2018), filed March 22, 2018 (Doc. 1). The sanctions included: (i) loss of contact visitation privileges for 365 days; (ii) loss of commissary/property privileges for ninety days; and (iii) loss of telephone privileges for ninety days. See Disciplinary Decision at 21

Garcia appealed the decision, and Bowen affirmed the decision. See Letter from M. Bowen to Michael E. Garcia at 28 (dated February 20, 2018), filed March 22, 2018 (Doc. 1). The Petition also attaches a second Misconduct Report dated December 2, 2017, but it is not clear whether that Misconduct Report is related to the coded letter. See Misconduct Report at (dated December 2, 2017), filed March 22, 2018 ("Second Inmate Misconduct Report"). In the prayer for relief, Garcia asks the Court to overturn one or both of the decisions; "clear [his] record"; and "reprimand the GEO Group for not foll[ow]ing the law." Petition ¶ 10, at 10. Garcia paid the $5.00 filing fee, and the matter is ready for initial review.

## LAW REGARDING SUA SPONTE REVIEW OF HABEAS PETITIONS

Rule 4 of the Habeas Corpus Rules and 28 U.S.C. § 2241 govern the Petition. Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer." Habeas Corpus Rule 4. The standards set forth in rule 12(b)(6) of the Federal Rules of Civil Procedure are instructive when screening a petition under Habeas Corpus Rule 4. See, e.g., Paters v. United States, 159 F.3d 1043, 1059 (7th Cir.

1998)("Rule 4, like Fed. R. Civ. P. 12(b)(6), acts as a screening device to weed out meritless claims from the federal court system."); Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)("The facts vital to a habeas claim are those without which the claim would necessarily be dismissed under Rule 4 . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.)(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(footnote omitted).

In conducting the Rule 4 review, the pro se prisoner's pleadings "are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellman, 935 F.2d at 1110 (footnote omitted). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." Hall v. Bellman, 935 F.2d at 1110.

## LAW REGARDING PRISON DISCIPLINARY PROCEEDINGS

The Fourteenth Amendment to the Constitution of the United States of America guarantees due process "when a person is to be deprived of life, liberty, or property." Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). An inmate's due process rights, however, are not unlimited in the prison setting. "[D]isciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). The "proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the standards of due process in a prison disciplinary proceeding,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. at 454.

If these requirements are met, the Court will not overturn the discipline as long as some evidence supports the decision. See Gwinn v. Awmiller, 354 F.3d 1211, 1219 (10th Cir. 2004). This rule is true "even if the evidence . . . is meager." Gwinn v. Awmiller, 354 F.3d at 1219. See United States ex rel. Vajtauer v. Comm'r of Immigration, 273 U.S. 103, 106 (1927)("[I]t is sufficient that there was some evidence from which the conclusion of the administrative tribunal could be deduced and that it committed no error so flagrant as to convince a court of the essential unfairness of the [proceeding]."); Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. at 455-56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.")(emphasis added). Moreover, "[i]n ascertaining whether a [disciplinary] decision . . . is sufficiently supported by the evidence, a reviewing court need not undertake an 'examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence.'" Gwinn v. Awmiller, 354 F.3d at 1219 (quoting Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. at 455). Even if the court finds a due process violation, the disciplinary decision is subject to harmless error review. See Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006)(holding that the prison official's error in denying witness testimony was subject to harmless error review); Farrakhan-Muhammad v. Oliver, 688 Fed. App'x 560, 564 (10th Cir. 2017)(unpublished)[2]("Still, though prison officials must

_____

[2]Farrakhan-Muhammad v. Oliver, 688 Fed. App'x 560 (10th Cir. 2017)is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The

consider an inmate's request to call or confront a particular witness on an individualized basis, any

errors made by prison officials in denying witness testimony at official hearings are subject to

harmless error review.")(quotations omitted).

## ANALYSIS

Garcia contends that he did not receive due process in connection with his disciplinary

proceeding. He alleges that prison officials: (i) violated New Mexico Corrections Department

policies; (ii) mishandled evidence; and (iii) should have dismissed the charges. See Petition

at 3-4. These allegations are too conclusory to grant relief in this proceeding. The Petition gives

no indication of how prison officials mishandled evidence or why Garcia believes they should

have dismissed the charges. Moreover, Garcia's own exhibits reflect that he received notice of

the charges, an opportunity to respond, a hearing, and the fact-finder's written decision.

See Petition at 12-15, 19, 21-23, and 27. The exhibits further reflect that prison officials relied

on his coded letter as evidence. See Petition at 17-18. The Court therefore concludes that it

should dismiss the Petition for failure to state a cognizable due process violation.

The Tenth Circuit instructs courts to grant leave to amend "where deficiencies in a

complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance

of special pleading requirements." Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).

Because the Petition lacks detail, and certain portions are unclear, the Court will grant leave to file

an amended petition within thirty days of this Memorandum Opinion and Order's entry. If Garcia

---

Court concludes that Farrakhan-Muhammad v. Oliver, 688 Fed. App'x 560 (10th Cir. 2017)(unpublished), has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

declines to timely file an amended petition or files an amended petition that fails to state a claim, the Court will dismiss the case without further notice.

**IT IS ORDERED** that: (i) the Petition for a Writ of Habeas Corpus, filed March 22, 2018 (Doc. 1) is dismissed without prejudice; (ii) Petitioner Michael Garcia may file an amended petition under 28 U.S.C. § 2241 within thirty days of entry of this Order; and (iii) the Clerk's Office shall mail Garcia a blank copy of the form § 2241 petition.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Garcia
Northeast New Mexico Detention Facility
Clayton, New Mexico

   *Plaintiff pro se*