IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GARCIA,

        Petitioner,

vs.                                                                                    No. CIV 18-0269 JB\SMV

MARK BOWEN, Warden,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Michael Garcia's failure to amend his Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed March 22, 2018 (Doc. 1)("Petition"). Garcia is incarcerated and proceeding pro se. The Petition alleges that Respondent Mark Bowen, Warden of the Northeast New Mexico Detention Facility, violated Garcia's due process rights in connection with a prison disciplinary proceeding. See Petition ¶ 1, at 1. The attachments to the Petition reflect that prison officials concluded that Garcia wrote a coded letter, which allegedly refers to drugs. See Disciplinary Officer's Findings and Recommendations at 12 (dated January 16, 2018), filed March 22, 2018 (Doc. 1). The Hearing Officer found Garcia guilty of a category A(19) offense (Dealing in Dangerous Drugs), and restricted his commissary, property, and telephone privileges for ninety days. See Inmate Misconduct Report at 14 (dated January 22, 2018), filed March 22, 2018 (Doc. 1). See also Disciplinary Decision at 21 (dated February 5, 2018), filed March 22, 2018 (Doc. 1).

The Court reviewed the Petition under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010

("Habeas Corpus Rules"),[1] and determined these allegations do not state a claim for habeas relief. See Memorandum Opinion and Order at 7-8, filed December 20, 2019 (Doc. 7)("MOO").  As the Court noted in the MOO, the Petition gives no indication that prison officials mishandled evidence, as Garcia contends, or why he believes they should have dismissed the charges.  See MOO at 8.  Moreover, Garcia's exhibits reflect that he received notice of the charges, an opportunity to respond, a hearing, and the fact-finder's written decision.  See Petition at 12-15, 19, 21-23, and 27.  The ruling explains these deficiencies and cites ample caselaw providing guidance on habeas claims and prison disciplinary proceedings.

Consistent with Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990), the Court granted leave to file an amended petition within thirty days of entry of the MOO's entry.  See MOO at 8.  The deadline to amend was January 19, 2019.  Garcia has not filed an amended petition or otherwise responded to the MOO.  The Court will therefore dismiss this habeas action without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure, which permits dismissal based on the failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or with a court order.  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal

---

[1] The Court, in its discretion, applies the Habeas Corpus Rules to the § 2241 petition.  See Habeas Corpus Rule 1(b)("The district court may apply any or all of these rules to [other] habeas corpus petitions."); McFarland v. Scott, 512 U.S. 849, 856 (1994)(citing Habeas Corpus Rule 4 and noting that courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citing Habeas Corpus Rule 1(b) and holding that the district court acted within its discretion by applying § 2254 rules to a § 2241 petition).

procedural rules.")(internal citation omitted); Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."). The Court also will deny a certificate of appealability under Habeas Corpus Rule 11. Garcia has not demonstrated that reasonable jurists would find this procedural ruling debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(stating that courts can issue a certificate of appealability only where "reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed March 22, 2018 (Doc. 1), is dismissed without prejudice; (ii) a certificate of appealability is denied; and (iii) a separate Final Judgment will be entered disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Michael Garcia
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Petitioner pro se*